IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO RENAULD HENDERSON, #1031853, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 3:06-CV-1946-N |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | ) ) ) ) ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court, this case has been referred to the United States magistrate judge. The findings, conclusions and recommendation of the magistrate judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Neal Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: Petitioner was convicted of aggravated assault with a deadly weapon and assault of a public servant in Criminal District Court No. 3 of Dallas County, Texas, in cause

numbers F98-49939 and F98-49938. (Petition (Pet.) at 2). On July 9, 1999, a jury found Petitioner guilty of both offenses and assessed punishment at ten years confinement for aggravated assault, and seven years confinement and a $10,000 fine for assault of a public servant. (*Id.*).

In this action, Petitioner challenges a prison disciplinary case that he received on July 27, 2006, for failing to go to work without a legitimate reason, in Case No. 20060339727. (Id. at 5; Exh. D). On August 3, 2006, he received the following punishment as a result of the disciplinary action taken: he lost 60 days of good time credits; he lost recreation, commissary and property privileges for 45 days and special cell restrictions were imposed for 30 days; and he was ordered to remain at Line Class 3. (Pet. at Exh. D). Prior to filing this action, Petitioner filed Step 1 and Step 2 grievances. (Pet. at 5-6 and Exh. A).

Petitioner thereafter filed this timely § 2254 habeas action, alleging due process and equal protection violations.

Findings and Conclusions: The petition in this case is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits and the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

At the outset the Court notes that this is not Petitioner's first disciplinary violation for failing to go to work without a legitimate reason. Attached to the petition are numerous disciplinary cases dating back to 2003 for the very same violation. Petitioner argues that prison officials have falsified his medical records, and required him to work despite his medical

2

conditions. It appears he may have lost a total of 785 days of good-time credits, and has been denied the opportunity to earn good-time credits as a result of his line class status since 2003.

Insofar as Petitioner seeks to challenge his disciplinary cases since 2003, his request should be denied. Petitioner has not adequately pled his prior disciplinary cases in his habeas petition. (*See* Pet. at 5 ¶ 18, which refers only to disciplinary case number 20060339727). Moreover, the one-year statute of limitations has elapsed on his prior disciplinary cases. *See* 28 U.S.C. § 2244(d)(1)(D); *see also Kimbrell v. Cockrell,* 311 F.3d 361, 363 (5th Cir. 2002).[1]

With respect to disciplinary case number 20060339727, the petition fails to present a cognizable basis for habeas corpus relief. Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States ." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *see also Lowery v. Collins,* 988 F.2d 1364, 1367 (5th Cir.1993) (a state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief.)

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impinge upon a liberty interest. In *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the Supreme Court held that a prisoner's liberty interest is "generally limited to freedom

---

[1] It is unclear whether Petitioner seeks relief against the persons named in his grounds for relief. However, he has failed to show that he has exhausted administrative remedies. *See* 42 U.S.C. § 1997e(a); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Moreover, any claim against these persons is only available under 42 U.S.C. § 1983. This Court has barred Petitioner from filing any additional cases until he has paid the $200.00 sanction previously imposed. *See Henderson v. Dallas County Police, et al.,* 3:99cv0434-M (N.D. Tex. Sep. 15, 2006).

from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484, 115 S. Ct. at 2300. In Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *see also Orellana*, 65 F.3d at 31-33; *Murphy v. Collins*, 26 F.3d 541, 543 & n. 5 (5th Cir. 1994).[2]

    Petitioner advises he is not eligible for mandatory supervised release. (*See* Pet. at 5). As a matter of fact, a conviction for aggravated assault with a deadly weapon makes an inmate ineligible for release to mandatory supervision. *See* Tex. Pen. Code Ann. § 22.02 (West effective Sept. 1, 1994, to Aug. 31, 2003); Gov't Code § 508.149(a)(1) and (7) (West effective until Jun. 13, 2001) (providing that "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . .(1) an offense for which the judgment contains an affirmative finding under Section 3g)(a)(2), Article 42.12, Code of Criminal Procedure . . . [or] (7) a first degree felony or a second degree felony under Section

---

    [2] *Malchi* was decided under the Texas mandatory supervision scheme in place prior to September 1, 1996. Effective September 1, 1996, the mandatory supervision law was revised to provide for a discretionary mandatory supervision scheme. *See* Tex. Gov't Code Ann. § 508.149(b). The Fifth Circuit has yet to rule on whether a constitutional expectancy of early release exists under Texas's revised statute or whether a Texas prisoner convicted after September 1, 1996 has a constitutional interest in their accrued good time credits under the current law, but the Texas Court of Criminal Appeals has held that the statute "vests a liberty interest in the eligible inmate." *Ex parte Geiken,* 28 S.W.3d 553, 558 (Tex. Crim. App. 2000).

22.01, Penal Code.").

Since Petitioner is not eligible for early release or mandatory supervision, the loss of good-time credits as a result of the disciplinary action at issue does not affect the fact or duration of his sentence and, therefore, does not deprive him of a liberty interest. *Adams v. Quarterman,* 2006 WL 2820079, *2 -3. No. 3:05cv1642-L (N.D.Tex., 2006) (accepting findings, conclusions and recommendation of the magistrate judge); *Kizzie v. Dretke*, 2005 WL 724484, *1, 2:05cv0068 (N.D. Tex., Amarillo Div., 2005), findings and conclusions accepted, 2005 WL 900746 (N.D. Tex. 2005).

None of the other sanctions, which Petitioner received for the disciplinary action in this case, affects the fact or duration of his sentence, thus depriving him of a liberty interest. Commissary and recreation restrictions do not implicate a protected liberty interest because they do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life. *Malchi*, 211 F.3d 953, 958; *Madison*, 104 F.3d 765, 768. The same applies to the property restriction imposed in the disciplinary case at issue.

Similarly the extension of Petitioner's custodial status in Line Class 3, which affects his earning of good-time credits, does not deprive him of a protected liberty interest. As noted above, Petitioner is not entitled to mandatory supervision. Therefore, any change in his good-time earning status does not affect a protected liberty interest. Even if he were eligible for mandatory supervised release eligible, the Fifth Circuit has held that the effect of a change in a prisoner's good-time earning status on the timing of his release on mandatory supervision was too speculative to afford him a constitutionally cognizable "right" to a particular time-earning status. *Malchi*, 211 F.3d at 959; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing

5

that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest).[3]

Because none of the sanctions, which Petitioner received for the disciplinary conviction in this case, deprived him of a protected liberty interest, the habeas petition does not implicate due process concerns. Accordingly, it should be dismissed for failing to present a cognizable basis for habeas relief.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be summarily DISMISSED, and that Petitioner's motion to request production of document be DENIED as moot.

A copy of this recommendation will be transmitted to Petitioner.

Signed this 27th day of February, 2007.

*[signature: Wm. F. Sanderson, Jr.]*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that

---

[3] Insofar as Petitioner contends that the loss of his good-time credits affects his release on parole, he is likewise not entitled to habeas relief. The Fifth Circuit has held that there is no constitutional expectancy in parole in Texas because it is entirely speculative whether a prisoner will be released on parole. *Madison*, 104 F.3d at 768; *see also Malchi*, 211 F.3d at 957.

6

you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.